UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

FENGYI ZHOU,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CR-0363 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 29, 2016, the defendant, Fengyi Zhou, pleaded guilty to one count of Wildlife Trafficking, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B). The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to 24 months of incarceration, 3 years of supervised release, restitution in amount of $112,133.00, a fine of $5,000.00, and payment of a $100.00 special assessment.

## BACKGROUND

On June 28, 2016, the United States filed a Notice of Motion indicating its intent to file an Information against Fengyi Zhou ("Defendant") upon Defendant's waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. ECF No. 1. On November 29, 2016, Defendant signed a Waiver of Indictment, ECF No. 7, and the Government submitted an Information charging him with one count of Wildlife Trafficking, in violation of 16 U.S.C. §§ 3372(a) and 3373(d)(1)(B), ECF No. 8. That same day, Defendant pleaded guilty to the sole count of the Information pursuant to a Plea Agreement. Plea Agreement, ECF No. 9.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

1

# DISCUSSION

## I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on July 11, 1967, in Hunan, China, to married parents. Presentence Investigation Report ("PSR") ¶ 35, ECF No. 11. Defendant was raised under modest circumstances in a rural area of China, where his parents were farmers. *Id.* ¶ 37. The family's

home had no running water, so the family would often obtain water from a well that was a mile away. *Id.* Defendant attended high school in until he was seventeen years old, at which time he left school to pursue an apprenticeship. *Id.* ¶ 46. When Defendant was seventeen, his family moved to an apartment in Yiyang, China, where Defendant remained until he moved to the United States in 1996. *Id.* ¶ 37. Defendant's father now owns a small grocery store, where his mother also worked until her retirement. *Id.* Defendant enjoys a close relationship with his parents, who still live in China. *Id.* Defendant has one brother who also resides in China and with whom he is close. *Id.* ¶ 36.

In 1994, Defendant married his current wife, Hong Ling Zhou (née Zhang), who is employed as a Certified Public Account. *Id.* ¶ 38. Defendant and his wife have two children— twelve-year-old twins—who were born in the United States and have been raised in the New York City area. *Id.* ¶¶ 38, 40. After his immigration to the United States in 1996, Defendant became a permanent resident in September 2010. *Id.* ¶ 39. While in the United States, Defendant worked in various retail establishments and in a barber shop until 2007, at which time he started his own business. *Id.* ¶ 47.

Since 2007, Defendant has owned NY USA Antiques, Inc., in Syosset, New York, through which he buys and sells antiques, *id.*, and the instant offense arose out of these business activities, *id.* ¶ 5. Specifically, in November 2010, Defendant purchased five black rhinoceros horns for a total of $90,000.00. *Id.* ¶ 9. At the time of sale, Defendant received an Endangered Species Bill of Sale, which indicated interstate sales of material derived from endangered species is strictly prohibited. *Id.* ¶ 9. Defendant subsequently sold these horns in March 2011 for a total

of $132,000.00. *Id.* ¶ 10. Based on an estimated consumer market value of $30,000.00 per pound, the value of the horns Defendant sold was $391,800.00. *Id.*

Upon further investigation by the U.S. Fish and Wildlife Service ("FWS"), FWS inspectors intercepted an ocean freight shipment directed to Defendant that contained additional objects containing animal-related material. *Id.* ¶ 10. Inspectors found the following items in this shipment: one ivory carving of a tree scene; one ruyi scepter made from sea turtle shell; one pot with ivory trim; four pieces of jewelry made from red coral; two ivory carvings of people; two ivory brush pots; eleven wooden boxes with mother of pearl inlay; and one red coral bracelet. *Id.* ¶ 11. Defendant self-surrendered to FWS agents on November 29, 2016. *Id.* ¶ 12.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. The Court's sentence also takes into account Defendant's lack of criminal history, efforts to cooperate with the government's investigation, and need to provide for his wife and young children.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Wildlife Trafficking, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B), for which he faces a maximum term of imprisonment of five years. *See* 16 U.S.C. § 3373(d)(1)(B). Defendant also faces a term of supervised release of not more than three years, *see* 18 U.S.C. § 3583(b)(2); a term of probation of between one and five years, with one of the following special conditions imposed, unless extraordinary circumstances exist: a fine, restitution, or community service, *id.* §§ 3561(c)(1) & 3563(a)(2); restitution in the amount of $112,133.00, *see id.* § 3663(a)(3); Plea Agreement ¶ 7, a maximum fine of $250,000.00, *see id.* § 3571(a); and a mandatory special assessment of $100.00, *see id.* § 3013.

## D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

U.S. Sentencing Guidelines § 2Q2.1 applies to 16 U.S.C. § 3373(d) offenses and provides a base offense level of six. *See* U.S. Sentencing Commission, *Guidelines Manual*, § 2Q2.1 (Nov. 2016) ("USSG" or "Guidelines"). Because the offense was committed for pecuniary gain and involved a commercial purpose, two levels are added. USSG § 2Q2.1(b)(1)(A). An additional twelve levels are added because the market value of the items trafficked exceeded $250,000.00. *Id.* §§ 2Q2.1(b)(3)(A)(ii) & 2B1.1(b)(1)(G). Defendant's acceptance of responsibility by

5

pleading guilty and his timely notification of his intent to do so permits a reduction of three levels. *Id.* § 3E1.1. Accordingly, Defendant's total adjusted offense level is seventeen. Because he has no prior arrests or convictions, Defendant has a criminal history score of zero, which results in a criminal history category of one. PSR ¶ 30; USSG ch. 5, pt. A.

Given a total offense level of seventeen and a criminal history category one, the Guidelines suggest a term of imprisonment of between twenty-four and thirty months. USSG ch. 5, pt. A. The Guidelines further recommend a term of supervised release of between one and three years, *id.* § 5D1.2(a)(2); a fine of between $5,000.00 and $50,000.00, *id.* § 5E1.2(c)(3), (h)(1); and payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation under the Guidelines. *Id.* § 5B1.1(b)(3). The Guidelines further indicate that restitution may be ordered. *Id.* § 5E1.1.

### E. Factor Five: Pertinent Policy Statement of the Sentencing Commission

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement ... issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not relevant to Defendant's sentencing.

### F. Factor Six: The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. Factor Seven: The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The Court may order restitution in this instance, pursuant to 18 U.S.C. § 3663(a), to the extent agreed to by the parties. Per Defendant's Plea Agreement, the parties have agreed Defendant will pay $112,133.00 in restitution to the Multinational Species Conservation Fund located at 5275 Leesburg Pike, Falls Church, Virginia 22041. Plea Agreement ¶¶ 1(f), 7.

## CONCLUSION

A sentence of 24 months of incarceration, 3 years of supervised release, restitution in amount of $112,133.00, a fine of $5,000.00, and payment of a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and addendum thereto and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 18, 2017
      Brooklyn, New York